IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IP CO., LLC, d/b/a INTUS IQ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | |
| | ) | |
| ONCOR ELECTRIC DELIVERY | ) | NO. 2:09cv037 |
| COMPANY LLC, RELIANT | ) | |
| ENERGY, INC., COMVERGE, | ) | |
| INC., DATAMATIC, LTD., EKA | ) | |
| SYSTEMS, INC., SENSUS | ) | |
| METERING SYSTEMS INC., | ) | |
| TANTALUS SYSTEMS CORP., | ) | |
| TENDRIL NETWORKS, INC. | ) | |
| TRILLIANT INCORPORATED, | ) | |
| and TRILLIANT NETWORKS, | ) | |
| INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff IP CO., LLC d/b/a INTUS IQ ("Intus IQ") hereby makes this

Complaint against defendants ONCOR ELECTRIC DELIVERY COMPANY LLC

("Oncor"), RELIANT ENERGY, INCORPORATED ("Reliant"), COMVERGE,

INC. ("Comverge"), DATAMATIC, LTD. ("Datamatic"), EKA SYSTEMS, INC.

("EKA"), SENSUS METERING SYSTEMS INC. ("Sensus"), TANTALUS

SOLUTIONS, LLC ("Tantalus"), TENDRIL NETWORKS INCORPORATED

("Tendril"), TRILLIANT INCORPORATED ("Trilliant Inc.") and TRILLIANT

NETWORKS, INC. ("Trilliant Networks") (collectively with Trilliant Inc.

"Trilliant"), and respectfully shows the Court as follows:

## PARTIES

1.      Plaintiff Intus IQ is a Georgia limited liability corporation.  Intus IQ's

places of business are McKinney, Texas and Atlanta, Georgia.

2.      Defendant Oncor is a Delaware limited liability corporation, having

its principal place of business at 1601 Bryan Street, Energy Plaza, Dallas, Texas

75201.

3.      Defendant Reliant is a Delaware corporation, having its principal

place of business at 1000 Main Street, Houston, Texas 77002.

4.      Defendant Comverge is a Delaware corporation, having its principal

place of business at 120 Eagle Rock Avenue, Suite 190, East Hanover, New Jersey

07936.

5.      Defendant Datamatic is a Texas limited partnership, having its

principal place of business at 3600 K Avenue, Plano, Texas 75074.

6.      Defendant EKA is a Delaware corporation, having its principal place

of business at 20201 Century Boulevard, Suite 250, Germantown, Maryland

20874.

7.     Defendant Sensus is a Delaware corporation, having its principal place of business at 8601 Six Forks Road, Suite 300, Raleigh, North Carolina 27615.

8.     Upon information and belief, Defendant Tantalus is a Canadian corporation, having its principal place of business at 301-3480 Gilmore Way, Burnaby, British Columbia VSG 441, Canada.

9.     Defendant Tendril is a Delaware corporation, having its principal place of business at 5395 Pearl Parkway, Suite 100, Boulder, Colorado 80301.

10.     Defendant Trilliant is a Delaware corporation, having its principal place of business at 1100 Island Drive, Redwood City, California 94065.

## JURISDICTION AND VENUE

11.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over Oncor.  Oncor regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Oncor has been and is doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter

claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Oncor can be served with process through its registered agent, CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

14.     This Court has personal jurisdiction over Reliant.  Reliant regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Reliant has been and is doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Reliant can be served with process through its registered agent, Hugh Rice Kelly, 1111 Louisiana, Houston, Texas 77002.

15.     This Court has personal jurisdiction over Comverge.  Comverge regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Comverge has been and is doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Comverge can be served with process through its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

16.     This Court has personal jurisdiction over Datamatic.  Datamatic regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Datamatic has been and is doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Datamatic can be served with process through its registered agent, Kenneth Kercher, 3600 K Avenue, Plano, Texas 75074.

17.     This Court has personal jurisdiction over EKA.  EKA regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  EKA has been and is doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  EKA can be served with process through its registered agent, CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 1660, Baltimore, Maryland 21202.

18.     This Court has personal jurisdiction over Sensus.  Sensus regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Sensus has been and is doing business in this judicial district by

manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Sensus can be served with process through its registered Agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

19.    This Court has personal jurisdiction over Tantalus.  Tantalus regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Tantalus has been and is doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Tantalus can be served with process through its President, Eric Murray, 2410 Flint Pond Circle, Apex, North Carolina 27523.

20.    This Court has personal jurisdiction over Tendril.  Tendril regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Tendril has been and is doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Tendril can be served with process through its registered

agent, The Corporation Trust Company, 1675 Broadway, Suite 1200, Denver, CO 80202.

21.    This Court has personal jurisdiction over Trilliant.  Trilliant regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Trilliant has been and is doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Trilliant can be served with process through its registered agent, CT Corporation, 818 West Seventh Street, Los Angeles, California 90017.

22.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Defendants have done business in this District, committed acts of infringement in this District, and continue to commit acts of infringement in this District, all of which entitle IPCO to relief.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,054,271

23.    Intus IQ restates and realleges the allegations set forth in paragraphs 1 through 22 of this Complaint and incorporates them by reference.

24.    U.S. Patent No. 7,054,271 (the "'271 Patent"), entitled "Wireless Network System And Method For Providing Same," was duly and legally issued

on May 30, 2006 by the U.S. Patent and Trademark Office to Intus IQ, the assignee of the named inventors Edwin B. Brownrigg and Thomas W. Wilson. A true and correct copy of the '271 Patent is attached hereto as Exhibit A.

25.     Intus IQ is the sole owner of the entire right, title, and interest in the '271 Patent by virtue of assignment.

26.     Defendant Oncor has infringed and continues to infringe one or more claims of the '271 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in its Advanced Metering System, and components thereof, in violation of 35 U.S.C. § 271.

27.     Defendant Reliant has infringed and continues to infringe one or more claims of the '271 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in its Energy Saver Partner Program, and components thereof, in violation of 35 U.S.C. § 271.

28.     Defendant Comverge has infringed and continues to infringe one or more claims of the '271 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in several Comverge products such as its Zigbee Super Stat Programmable Thermostat, its Zigbee Digital Control Unit, TXU Energy iThermostat, and similar wireless network products, in violation of 35 U.S.C. § 271.

29.     Defendant Datamatic has infringed and continues to infringe one or more claims of the '271 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in its Mosaic and Firefly Systems and components thereof, in violation of 35 U.S.C. § 271.

30.     Defendant EKA  has infringed and continues to infringe one or more claims of the '271 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that

consist of and/or incorporate infringing wireless network products, including
without limitation wireless network technology similar to that found in its EKANet
Wireless Gateway, EKANet Nodes, and similar systems and components thereof,
in violation of 35 U.S.C. § 271.

31.     Defendant Sensus has infringed and continues to infringe one or more
claims of the '271 patent, directly, contributorily, and/or by inducement, by
making, using, selling, and/or offering for sale in this country, and/or importing
into this country, and inducing others to use, without license, certain products that
consist of and/or incorporate infringing wireless network products, including
without limitation wireless network technology similar to that found in its FlexNet,
and components thereof, in violation of 35 U.S.C. § 271.

32.     Defendant Tantalus has infringed and continues to infringe one or
more claims of the '271 patent, directly, contributorily, and/or by inducement, by
making, using, selling, and/or offering for sale in this country, and/or importing
into this country, and inducing others to use, without license, certain products that
consist of and/or incorporate infringing wireless network products, including
without limitation wireless network technology similar to that found in its TUNet
network, TUNet ancillary products, and components thereof, in violation of 35
U.S.C. § 271.

33.    Defendant Tendril has infringed and continues to infringe one or more claims of the '271 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in Tendril EMS network, Tendril Vantage, Tendril Residential Energy Ecosystem, and components thereof, in violation of 35 U.S.C. § 271.

34.    Defendant Trilliant has infringed and continues to infringe one or more claims of the '271 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in its SecureMesh Network, MeshGate Gateway, Mesh Reader, Micro Access Portal, and components thereof, in violation of 35 U.S.C. § 271.

35.    The acts of infringement of the '271 patent by the Defendants, and each of them, have caused damage to Intus IQ and Intus IQ is entitled to recover from the Defendants, and ach of them, the damages sustained by Intus IQ as a result of their wrongful acts in an amount subject to proof at trial.  The

infringement of Intus IQ's exclusive rights under the '271 patent by the Defendants, and each of them, will continue to damage Intus IQ, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

36.    The Defendants, and each of them, have had actual or constructive knowledge of the '271 patent, yet each of them continues to infringe said patent. The infringement of the '271 patent by the Defendants, and each of them, is willful and deliberate, entitling Intus IQ to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 6,249,516

37.    Intus IQ restates and realleges the allegations set forth in paragraphs 1 through 36 of this Complaint and incorporates them by reference.

38.    U.S. Patent No. 6,249,516 (the "'516 Patent"), entitled "Wireless Network Gateway and Method for Providing Same," was duly and legally issued on June 19, 2001 by the U.S. Patent and Trademark Office to Intus IQ, the assignee of the named inventors Edwin B. Brownrigg and Thomas W. Wilson.  A copy of the '516 Patent is attached hereto as Exhibit B.

39.     Intus IQ is the sole owner of the entire right, title, and interest in the '516 Patent by virtue of assignment.

40.     Defendant Oncor has infringed and continues to infringe one or more claims of the '516 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in its Advanced Metering System, and components thereof, in violation of 35 U.S.C. § 271.

41.     Defendant Reliant has infringed and continues to infringe one or more claims of the '516 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in  its Energy Saver Partner Program, and components thereof, in violation of 35 U.S.C. § 271.

42.     Defendant Comverge has infringed and continues to infringe one or more claims of the '516 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing

into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in several Comverge products such as its Zigbee Super Stat Programmable Thermostat, its Zigbee Digital Control Unit, TXU Energy iThermostat, and similar wireless network products, in violation of 35 U.S.C. § 271.

43.    Defendant Datamatic has infringed and continues to infringe one or more claims of the '516 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in its Mosaic and Firefly Systems and components thereof, in violation of 35 U.S.C. § 271.

44.    Defendant EKA has infringed and continues to infringe one or more claims of the '516 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in its EKANet

Wireless Gateway, EKANet Nodes, and similar systems and components thereof,
in violation of 35 U.S.C. § 271.

45.    Defendant Sensus has infringed and continues to infringe one or more
claims of the '516 patent, directly, contributorily, and/or by inducement, by
making, using, selling, and/or offering for sale in this country, and/or importing
into this country, and inducing others to use, without license, certain products that
consist of and/or incorporate infringing wireless network products, including
without limitation wireless network technology similar to that found in FlexNet,
and components thereof, in violation of 35 U.S.C. § 271.

46.    Defendant Tantalus has infringed and continues to infringe one or
more claims of the '516 patent, directly, contributorily, and/or by inducement, by
making, using, selling, and/or offering for sale in this country, and/or importing
into this country, and inducing others to use, without license, certain products that
consist of and/or incorporate infringing wireless network products, including
without limitation wireless network technology similar to that found in its TUNet
network, TUNet ancillary products, and components thereof, in violation of 35
U.S.C. § 271.

47.    Defendant Tendril has infringed and continues to infringe one or more
claims of the '516 patent, directly, contributorily, and/or by inducement, by
making, using, selling, and/or offering for sale in this country, and/or importing

into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in Tendril EMS network, Tendril Vantage, Tendril Residential Energy Ecosystem, and components thereof, in violation of 35 U.S.C. § 271.

48.    Defendant Trilliant has infringed and continues to infringe one or more claims of the '516 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products that consist of and/or incorporate infringing wireless network products, including without limitation wireless network technology similar to that found in its SecureMesh Network, MeshGate Gateway, Mesh Reader, Micro Access Portal, and components thereof, in violation of 35 U.S.C. § 271.

49.    The acts of infringement of the '516 patent by the Defendants, and each of them, have caused damage to Intus IQ and Intus IQ is entitled to recover from the Defendants, and ach of them, the damages sustained by Intus IQ as a result of their wrongful acts in an amount subject to proof at trial.  The infringement of Intus IQ's exclusive rights under the '516 patent by the Defendants, and each of them, will continue to damage Intus IQ, causing

irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

50.    The Defendants, and each of them, have had actual or constructive knowledge of the '516 patent, yet each of them continues to infringe said patent. The infringement of the '516 patent by the Defendants, and each of them, is willful and deliberate, entitling Intus IQ to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants, and each of them:

A.    A judgment that Defendants, and each of them, have directly infringed the '271 Patent, contributorily infringed the '271 Patent, and/or induced infringement of the '271 Patent;

B.    A judgment that Defendants, and each of them, have directly infringed the '516 Patent, contributorily infringed the '516 Patent, and/or induced infringement of the '516 Patent;

C.    An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

D.     An award of treble damages against Defendants, and each of them, as a result of their willful infringement;

E.     A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '271 Patent, as set forth herein;

F.     A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '516 Patent, as set forth herein;

G.     A judgment and order requiring Defendants, and each of them, to pay Plaintiff pre-judgment and post-judgment interest on the full amounts of the damages awarded;

H.     A judgment requiring Defendants, and each of them, to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

I.     Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues so triable be determined by a jury.


Respectfully submitted, this 29th of January, 2009.


By: _Johnny Ward_____
T. John Ward, Jr. (State Bar No. 00794818)
**Ward & Smith Law Firm**
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

Joe Kendall (State Bar No. 11260700)
**Kendall Law Group, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas  75204
(214) 744-3000 (telephone)
(214) 744-3015 (facsimile)

John C. Herman
Ryan K. Walsh
E. Joseph Benz III
Jason S. Jackson
**Coughlin Stoia Geller**
**Rudman & Robbins, LLP**
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)

Attorneys for Plaintiff
IP CO, LLC d/b/a INTUS IQ