**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **IP CO., LLC, d/b/a INTUS IQ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 2:09-CV-37** |
| **ONCOR ELECTRIC DELIVERY CO.,** | § | |
| **LLC, et al.,** | § | |
| | § | |
| **Defendant.** | § | |

# O R D E R

Before the Court is Defendant Trilliant Networks, Inc.'s ("Trilliant's") Motion to

Transfer.  Dkt. No. 55.  Also before the Court are Plaintiff's response, Trilliant's reply, and

Plaintiff's sur-reply.  Dkt. Nos. 58, 71, and 82, respectively.  The Court held a hearing on July 7,

2009.  Having considered the briefing, oral arguments of counsel, and all relevant papers and

pleadings, the Court finds that Trilliant's motion should be DENIED.

## I.  LEGAL PRINCIPLES

Title 28, section 1404(a) of the United States Code provides that "[f]or the convenience

of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought."  A district court has broad

discretion in deciding whether to order a transfer.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304,

315 (5th Cir. 2008) ("*Volkswagen II*").  The Supreme Court of the United States has noted that

Section 1404(a) is intended to place discretion in the district court to adjudicate motions to

transfer according to an "individualized, case-by-case consideration of convenience and

fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376

1

U.S. 612, 622 (1964).

The Court of Appeals for the Fifth Circuit has set forth that the first "threshold" determination a district court must make under Section 1404(a) is whether the claims could have been brought in the proposed transferee district. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). After such a determination, the district court must then consider the convenience of the parties and witnesses in both forums. *Id.*; *see also Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009); *Bolt v. Toyota Indus. Corp.*, 351 F. Supp. 2d 597, 599 (E.D. Tex. 2004).

A convenience determination consists of balancing the conveniences and inconveniences resulting from the plaintiff's choice of venue, in comparison with those of the proposed venue. This balancing includes examining several private and public interest factors, none of which has dispositive weight. *Volkswagen I*, 371 F.3d at 203. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981)); *see also TS Tech*, 551 F.3d at 1319. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws o[r] the application of foreign law." *Volkswagen I*, 371 F.3d at 203 (citing *Piper*, 454 U.S. at 341 n.6); *see also TS Tech*, 551 F.3d at 1319.

2

A plaintiff has a "well-established" right to choose its forum. *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (citing *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir. 1983)); *see Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) (noting that plaintiff's choice of venue is "highly esteemed"). Accordingly, under Section 1404(a), the defendant has the burden to demonstrate that transfer is warranted. *Time*, 366 F.2d at 698. In a Section 1404(a) analysis, however, the plaintiff's choice of venue is not a separate factor. *Volkswagen II*, 545 F.3d at 314-15. Instead, the plaintiff's choice of venue contributes to the defendant's burden to prove that the transferee venue is "clearly more convenient" than the plaintiff's chosen venue. *Id.* at 315; *TS Tech*, 551 F.3d at 1319. Also, although the private and public interest factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314-15.

## II.  THE PARTIES' POSITIONS

Trilliant argues its business is headquartered in the Northern District of California and that some third party witnesses, such as the inventors of the patents-in-suit, are in or near the Northern District of California. Dkt. No. 55 at 2. Trilliant requests that the Court sever and transfer Plaintiff's case against Trilliant to that district. *Id.* at 13. Plaintiff responds that breaking up the case would risk inconsistency and be wasteful. Dkt. No. 58 at 2. Trilliant replies that Plaintiff is comfortable litigating "nationwide" because Plaintiff has litigated in various districts. Dkt. No. 71 at 2. In so arguing, Trilliant submits that Plaintiff and another company, SIPCO LLC, can be treated as a single entity. *Id.* In sur-reply, Plaintiff submits that Plaintiff IP Co. d/b/a Intus IQ is a "separate and distinct legal entit[y]" from SIPCO, LLC. Dkt. No. 82 at 2. The parties dispute whether Plaintiff's sur-reply was properly filed. *See* Dkt. Nos. 86 and 87.

### III.  DISCUSSION

Although Plaintiff submits that Trilliant has not shown that Plaintiff could have filed suit against all defendants in the Northern District of California (Dkt. No. 58 at 12-13), the Court considers Trilliant's request to transfer in the context of its contemporaneous request to sever. Thus, the relevant inquiry is whether Plaintiff could have filed suit against Trilliant in the Northern District of California. Trilliant has a place of business in the Northern District of California, and Plaintiff does not appear to dispute that Plaintiff could have filed suit against Trilliant in that district. Dkt. No. 55 at 5-6; *see* Dkt. No. 58 at 12-13.

### A.      Private Interest Factors

####    *1.     Sources of Proof*

Despite technological advances that undoubtedly reduce the relative inconvenience of transporting documents across the country, this factor must still be considered. *Volkswagen II*, 545 F.3d at 316. This factor almost invariably turns on which party will most likely have the greater volume of relevant documents and on the presumed physical location of the documents in relation to the venues under consideration. *See, e.g.*, *Volkswagen II*, 545 F.3d at 314-15.

In this case, relevant documents are likely located at Trilliant's headquarters in California, which is also where the inventors and some prosecution counsel are located, and in Georgia, where Plaintiff and some other prosecution counsel are located. Dkt. No. 55 at 6-7. Plaintiff also has an office in McKinney, Texas, which is located in this Court's district. Petite Decl., Dkt. No. 58-8 at ¶¶ 2 and 5. A substantial number of relevant documents will likely be located at Trilliant's headquarters. *In re Genentech*, 566 F.3d 1338, 1345 (noting that the bulk of the relevant evidence in patent cases usually comes from accused infringers). Therefore, this factor

4

weighs slightly in favor of transfer.

     2.      *Availability of Compulsory Process*

This factor generally weighs in favor of transfer when more non-party witnesses reside within the proposed venue than in the plaintiff's chosen venue. *See Volkswagen II*, 545 F.3d at 316. The factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *Volkswagen II*, 545 F.3d at 316. "Absolute subpoena power" simply means that all relevant and material non-party witnesses reside within the subpoena power of a particular court. *See Volkswagen II*, 545 F.3d at 316; *Miller v. Longview Psychiatric Hosp., L.L.C.*, No. 2:08-CV-42, 2009 WL 748094, at *3 (E.D. Tex. March 19, 2009).

In this case, Plaintiff has not shown that any non-party witnesses are subject to compulsory process by this Court. Dkt. No. 58 at 15-16. Trilliant submits that some (but not all) non-party witnesses reside in or near the Northern District of California: Trilliant identifies three of its former employees, the inventors of the patents-in-suit,[1] and one patent prosecutor. Dkt. No. 55 at 7-8. This factor therefore weighs slightly in favor of transfer.

     3.      *Cost of Attendance for the Parties and Witnesses*

This factor is analyzed giving broad "consideration [to] the parties and witnesses in all claims and controversies properly joined in a proceeding." *Volkswagen I*, 371 F.3d at 204. Further, courts are not to consider the "significance of the identified witnesses' testimony," at least not beyond "assess[ing] the relevance and materiality of the information the witness may

---

[1] Trilliant submits that one of the inventors resides in Roseville, California. Glynn Decl., Dkt. No. 55-2 at ¶ 13. Roseville is outside of the Northern District of California but is within "the state where the trial [would be] held" if the case were heard in that district. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii).

provide." *In re Genentech*, 566 F.3d at 1343.  The relative materiality of witnesses' testimony is

irrelevant to this inquiry.  *See id.* ("Requiring a defendant to show that a potential witness has

more than relevant and material information at this point in the litigation or risk facing denial of

transfer on that basis is unnecessary.").  Thus, for the transfer analysis, all potential material and

relevant witnesses must be considered as offering testimony of equal importance.

The Fifth Circuit has adopted a "100 mile rule" to assist in analyzing this factor.  *See*

*Volkswagen I*, 371 F.3d at 204-205.  "When the distance between an existing venue for trial of a

matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience

to witnesses increases in direct relationship to the additional distance to be traveled."

*Volkswagen I*, 371 F.3d at 205.  When applying the "100 mile rule," the threshold question is

whether the plaintiff's chosen venue and the proposed venue are more than 100 miles apart.  *See*

*Volkswagen II*, 545 F.3d at 317; *TS Tech*, 551 F.3d at 1320.  If so, then a court determines the

respective distances between the residences (or workplaces) of all the identified relevant

witnesses and the two venues under consideration. *See Volkswagen II*, 545 F.3d at 317; *TS Tech*,

551 F.3d at 1320.

The "100 mile rule" generally favors transfer (with differing degrees) if the proposed

venue is a shorter average distance away from witnesses than the plaintiff's chosen venue.  *See*

*Volkswagen II*, 545 F.3d at 317; *TS Tech*, 551 F.3d at 1320.  Furthermore, the existence or non-

existence of direct flights can impact the analysis of travel time.  *See Volkswagen I*, 371 F.3d at

204 n.3.  Thus, regardless of the "straight line" distances calculated for the "100 mile rule," if

"travel time" distances favor the proposed venue, then this factor will favor transfer.  *Id.*  Finally,

for this factor to favor transfer, the proposed venue need not be more convenient for *all* of the

witnesses. *In re Genentech*, 566 F.3d at 1345. Instead, this factor can favor transfer when a "substantial number of material witnesses reside in the transferee venue" and no witnesses reside in plaintiff's chosen venue. *Id.*

In this case, party witnesses reside in California, Texas, and Georgia. *See* Petite Decl., Dkt. No. 58-8, and Damaso Decl., Dkt. No. 55-22. Six non-party witnesses (three former Trilliant employees, two inventors, and one patent prosecutor) reside in or near the Northern District of California. *See* Dkt. No. 55 at 7-8. Trilliant has also submitted that "[t]he patent attorneys who prosecuted the '271 patent are located in Atlanta[, Georgia] and Mclean, Virginia," and "the patent attorney who prosecuted the reexamination is located in Atlanta, Georgia." *Id.* at 7. On one hand, the four non-party witnesses traveling from Georgia or Virginia[2] would travel less distance for trial in Texas than for trial in California, so the 100 mile rule does not favor transfer as applied to these witnesses. *See Volkswagen II*, 545 F.3d at 317; *TS Tech*, 551 F.3d at 1320. On the other hand, trial in the Northern District of California would require less travel for the California party and non-party witnesses, including most of the non-party witnesses identified. Because neither venue is clearly more convenient for party and non-party witnesses, this factor is neutral.

4.    *Practical Problems*

Practical problems include those that are rationally based on judicial economy. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*"). Particularly,

---

[2] The Georgia and Virginia patent prosecutors identified by Trilliant are: James Hunt Yancey, Jr., of Atlanta, Georgia; Joel S. Goldman of Atlanta, Georgia; Kevin A. Buford of McLean, Virginia; and Christopher T. Kent of Atlanta, Georgia. Dkt. No. 55-2 at ¶¶ 8-10 and 12.

the existence or creation of duplicative suits in different courts involving the same or similar issues may create practical difficulties that weigh heavily in favor of or against transfer. *Id.*

The recent *In re Volkswagen* decision of the Court of Appeals for the Federal Circuit found that "the existence of multiple suits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice" and that "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Volkswagen III*, 566 F.3d at 1351 (citation omitted); *see also SIPCO LLC v. Amazon.com, Inc., et al.*, Civil Action No. 2:08-cv-359, Dkt. No. 232 (E.D. Tex. June 4, 2009). Here, only Trilliant moves to transfer. None of the remaining four defendants, Datamatic, Ltd., EKA Systems, Inc., Sensus USA Inc., and Tantalus Systems Corp., have joined in Trilliant's motion to sever and transfer. Trilliant's request to sever and transfer Plaintiff's case against Trilliant would thus generate an additional suit in another district (involving the same patent and thus likely involving many of the same issues), which *In re Volkswagen* indicates would be directly contrary to the purposes of § 1404(a). This factor therefore weighs heavily against transfer.

**B.      Public Interest Factors**

*1.      Court Congestion*

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis. *In re Genentech*, 566 F.3d at 1347. However, the *Genentech* court additionally noted that this factor is the "most speculative," and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of those other factors." *Id.*

Trilliant submits that the median time to trial is 21.1 months in this Court's district and 26.2 months in the Northern District of California. Dkt. No. 55 at 10. On balance, this factor weighs only slightly against transfer. *Id.*

    2.    *Local Interest*

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206. Thus, this factor analyzes the "factual connection" that a case has with both the transferee and transferor venues. *See Volkswagen I*, 371 F.3d at 206. Generally, local interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318 (in a products liability suit, disregarding local interest of citizens who used the widely-sold product within the plaintiff's chosen venue); *TS Tech*, 551 F.3d at 1321 (in a patent suit, disregarding local interest of citizens in the plaintiff's chosen venue who used the allegedly infringing products because the products are "sold throughout the United States").

In this case, Trilliant is headquartered in the Northern District of California, and Plaintiff has an office in McKinney, Texas. Dkt. Nos. 55-22 at ¶ 22 and 58-8 at ¶ 2. Trilliant does business nationwide, so the Court declines to find that this is a "local dispute[]," as Trilliant proposes. Dkt. No. 55 at 10-11. Although Plaintiff indicates that Trilliant's technology is sold nationwide, including in this Court's district, Plaintiff has not shown that this case is tied to this Court's district in any manner that would not apply to most other districts. Dkt. No. 58 at 18-19. This factor is therefore neutral.

3.      *Familiarity With the Governing Law*

Neither party has shown that this factor is applicable.  The Court accordingly finds this factor neutral.

4.      *Avoidance of Unnecessary Conflict of Laws Problems*

Neither party has shown that this factor is applicable.  The Court accordingly finds this factor neutral.

Having considered the factors discussed above, the Court finds that Trilliant has not shown that the Northern District of California would be a "clearly more convenient" venue. *Volkswagen II*, 545 F.3d at 315.  Trilliant's motion to sever and transfer should therefore be DENIED.  The Court need not consider Plaintiff's sur-reply (Dkt. No. 82) to reach this conclusion, so Plaintiff's motion for leave (Dkt. No. 86) should be DENIED AS MOOT.

## IV.  CONCLUSION

For at least the foregoing reasons, Trilliant's Motion to Transfer (Dkt. No. 55) is hereby **DENIED**.

Because the Court need not consider Plaintiff's sur-reply, Plaintiff Intus IQ's Motion for Leave to File Sur-Reply in Further Opposition to Trilliant, Inc.'s Motion to Transfer Venue to the Northern District of California (Dkt. No. 86) is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**SIGNED this 3rd day of August, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE